THE HON. ALBERT P. STARK,

---

STATE, RESPONDENT, v. MILLER, APPELLANT.

(No. 5,328.)

(Submitted October 27, 1923. Decided November 9, 1923.)

[220 Pac. 97.]

*Intoxicating Liquors—Unlawful Possession and Transportation—Penalty—Erroneous Instruction—Statutes—Repeal by Implication.*

Intoxicating Liquors—Unlawful Possession and Transportation—Liquor
Fit for Beverage Purposes—State Need not Prove.
1. *Held,* under section 11048, Revised Codes of 1921, in a prosecution for unlawfully possessing and transporting intoxicating liquor,

---

1. Allegation or proof of the sale of "beer" or "lager beer" as sufficient to sustain a conviction under statute prohibiting the sale of spirituous, vinous, distilled, malt, fermented or intoxicating liquors, see notes in 7 L. R. A. (n. s.) 195; 25 L. R. A. (n. s.) 446; 48 L. R. A. (n. s.) 308.

that the state is not required to prove that the liquor (beer) was fit for beverage purposes.

Statutes in Conflict—Not Supplemental One to the Other.

2. A section of the Code cannot be treated as supplemental to another with which it is in conflict.

Same—Repeal by Implication.

3. While repeals by implication are not favored, when two legislative enactments relating to the same subject matter are in conflict the Act last passed is controlling, and the former must be *held* to have been impliedly repealed by the latter.

Intoxicating Liquors—Penalty not Specifically Provided—Statute Controlling.

4. Under the rules above (pars. 2, 3), *held*, that section 34, Chapter 143, Laws of 1917 (sec. 11121, Rev. Codes 1921), so far as it prescribes the punishment for the unlawful possession and transportation of intoxicating liquor, for which offense a special penalty is not provided, was impliedly repealed by section 28, Chapter 9, Laws of the Extraordinary Session of 1921 (sec. 11075, Rev. Codes 1921), with which the former is in conflict, and that therefore the latter section is controlling.

Same—Penalty—Erroneous Instruction—Prejudice.

5. One on trial for crime has the right to have the jury assess the punishment upon a correct statement of the law as to the penalty prescribed for the offense, and therefore, in view of section 12027, Revised Codes of 1921, providing that when there is any alternative or discretion in regard to the kind or extent of the punishment to be inflicted, the jury may assess the punishment in their verdict, an instruction that the penalty for unlawfully possessing and transporting intoxicating liquor was a fine of not more than $500, or imprisonment for not more than six months, or both such fine and imprisonment, whereas under section 11075, Revised Codes of 1921, for the first offense a fine of not more than $500 could be imposed, was prejudicially erroneous.

*Appeal from District Court, Hill County; C. E. Comer, Judge.*

PAUL MILLER was convicted of unlawfully possessing and transporting intoxicating liquor, and appeals. Reversed and remanded, with directions to grant new trial.

*Mr. Victor R. Griggs*, for Appellant, submitted a brief; *Mr. C. A. Spaulding*, of Counsel, argued the cause orally.

*Mr. Wellington D. Rankin*, Attorney General, for the State, submitted a brief; *Mr. L. V. Ketter*, Assistant Attorney General, argued the cause orally.

[69 Mont. 1.]

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Upon information, in two counts, the defendant was found guilty of unlawfully possessing intoxicating liquor, and of unlawfully transporting intoxicating liquor. The jury left the punishment to be fixed by the court. By its judgment the court sentenced the defendant to imprisonment in the county jail for a term of thirty days and to pay a fine of $200 upon each count. Hence this appeal.

Defendant's points necessarily to be considered are two: That the state failed to prove the liquor in question was fit for beverage purposes, and the court misdirected the jury as to the punishment and entered an erroneous judgment upon the verdicts.

I.  The liquor which defendant was charged with possessing [1] and transporting was beer. That he did possess and transport beer is conceded, but his counsel insists that the case made out by the state is fatally defective, because the proof was insufficient to show that the beer was fit for beverage purposes.

While it may be observed in passing that there was some testimony tending to show that the beer was fit for beverage purposes (there was no testimony to the contrary), we think the question sought to be presented is not debatable under the terms of section 11048, Revised Codes of 1921. That section reads as follows: ''When used in this Act, or in any other laws of the state relating to intoxicating liquors, the word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume which are fit for use for beverage purposes; provided, that the foregoing definition shall not extend to dealcoholized wine, nor to any beverage or liquid

produced by the process by which beer, ale, porter, or wine is produced, if it contains less than one-half of one per centum of alcohol by volume, and is made as prescribed in section 11082 of this Code, and is otherwise denominated as beer, ale, or porter, and is contained and sold in, or from, such sealed and labeled bottles, casks, or containers as the secretary of state may by regulation prescribe.''

From the foregoing it is seen that the section embraces two classes of liquors the use of which is prohibited. The first class comprises alcohol, brandy, whisky, rum, gin, beer, ale, porter and wine; the second, ''any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume, which are fit for use for beverage purposes.'' The use of the words ''and in addition thereto'' is significant; compare the words ''and any'' used in a similar place in section 2, Laws of 1917, *post*, of which section 11048 is amendatory.

The qualifying phrase ''fit for use for beverage purposes'' relates only to the liquor, liquids. and compounds which follow the words ''in addition thereto'' in the statute. Such was the construction of section 2 of Chapter 143, Laws of 1917, as given by this court in *State* v. *Centennial Brewing Co.*, 55 Mont. 500, 179 Pac. 296. Section 2 read: ''The phrase 'intoxicating liquors' shall be held and construed to include whisky, brandy, gin, rum, wine, ale and any spirituous, vinous, fermented or malt liquors and liquor or liquid of any kind or description, whether medicated or not, and whether proprietary, patented or not, which contains as much as two per centum of alcohol measured by volume, and which is capable of being used as a beverage.'' It will be noted that when section 2 was amended by the enactment of section 1 of Chapter 9, Laws Extra. Session of 1921, now section 11048, *supra*, the word ''beer'' was added to the first class, while the second class was made still more specific. While the language follow-

ing the word "provided" in section 11048 is not necessary to this inquiry, it is included in this opinion to show the full extent of the amendment made. The action of the legislature in drafting section 11048 is a confirmation of the construction placed upon section 2, *supra,* by this court. Beer is a word as well understood as are the words "brandy, whisky, rum, gin, ale, porter and wine." Beer is not merely capable of being used as a beverage, but is in fact a beverage, and, as was observed in *State* v. *Centennial Brewing Co., supra,* it is a contradiction of terms to speak of beer as not being capable of being used as a beverage. The beer in question carried an alcoholic content of four and one-half per cent or over.

II. The court instructed the jury: "That the punishment [2–4] prescribed for the offense contained in each of the counts in the information in this case is a fine of not less than $10 nor more than $500, or by imprisonment for not more than six months or by both such fine and imprisonment." That the foregoing instruction was erroneous the attorney general concedes. He says: "A careful examination of the statutes of this state dealing with the subject of intoxicating liquor fails to disclose any other penalty for the offense of illegally possessing or transporting intoxicating liquor except that provided by section 11075, R. C. M. of 1921." That section fixes a maximum penalty of $500 for a first offense for each of the crimes charged in the information. With the attorney general's conclusion we agree.

The offenses of possessing and transporting intoxicating liquor came into our statutes with the enactment of Chapter 9, Laws of the Extraordinary Session of 1921, section 11075 being section 28 of the Act.

The instruction was based upon section 11121, Revised Codes of 1921, enacted as section 34 of Chapter 143, Laws of 1917. By the provisions of section 39 of Chapter 9, *supra,* now section 11086, Revised Codes of 1921, "this Act," Chapter 9, "shall be construed as supplemental to and a part of all

laws of this state relating to intoxicating liquors." But it cannot be held that the penaly prescribed for a wrong first prohibited by Chapter 9, which also provides a penalty for that wrong, is governed by another and prior statute which was not intended to govern the punishment of an Act not then prohibited.

In so far as a penalty is prescribed for the offenses in the instant case the provisions of section 11075, a part of the 1921 Act, and section 11121, a part of the 1917 Act, are in conflict. It is not possible to harmonize them. Section 11075 cannot be treated as supplemental to 11121. It does not add anything in 11121. It does not serve to supply anything that is lacking; on the contrary it serves to minimize rather than augment the provisions of 11121. It cannot be held that a section supplements another with which it is in conflict. (See *State* v. *Bowker,* 63 Mont. 1, 205 Pac. 961.)

While repeals by implication are not favored, when two legislative enactments relating to the same subject matter are in conflict, and cannot be harmonized, the Act last enacted controls. (*United States* v. *196 Buffalo Robes,* 1 Mont. 489; *State ex rel. Wynne* v. *Quinn,* 40 Mont. 472, 107 Pac. 506.)

Therefore the provisions of section 11121, in so far as they relate to offenses first provided by Chapter 9, *supra,* must be held to be repealed by section 11075. It follows that the penalty for the offenses considered in the instant case is provided by the section 11075, which came into being simultaneously with the acts sought to be prohibited.

The error in instruction No. 2 is manifest, and was prejudicial to the defendant. In addition to misdirecting as to the fine, it told the jury that the offenses charged were punishable "by imprisonment for not more than six months or by both such fine and imprisonment." Section 12027, Revised Codes of 1921, provides: "In all cases of a verdict of conviction for any offense, when by law there is any alternative or discretion in regard to the kind or extent of punishment to

be inflicted, the jury may assess and declare the punishment in their verdict; and the court must render a judgment according to such verdict, except as hereinafter provided."

It was the defendant's right to have the jury assess the punishment upon a correct statement of the law as to the penalty prescribed for the offenses charged. (*Williams* v. *State*, 7 Okl. Cr. 529, 124 Pac. 330.) This the jury might have done had the court given it the proper instruction. Under some conditions a misdirection of the jury may not be prejudicial to the defendant (*Ballentine* v. *State*, 48 Ark. 45, 2 S. W. 340; *State* v. *Burr*, 81 Mo. 108; *Parker* v. *State*, 43 Tex. Cr. 526, 67 S. W. 121; *O'Docharty* v. *State* (Tex Cr. App.), 57 S. W. 657; *Mitchell* v. *Commonwealth*, 75 Va. 856), but here the prejudice is not only apparent, but the court followed up the error by fixing the punishment as stated above. Under the circumstances the provisions of section 12028, Revised Codes of 1921, may not be summoned in aid of the judgment, nor are the decisions of *In re Collins*, 51 Mont. 215, 152 Pac. 40, and like cases cited by the attorney general, applicable here.

The judgment is reversed and the cause is remanded to the district court of Hill county, with directions to grant the defendant a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.