LONDON GUARANTY & ACCIDENT CO., LTD., Respond-ent, *v.* INDUSTRIAL ACCIDENT BOARD, Appellant.

(No. 6,318.)

(Submitted April 17, 1928.   Decided May 3, 1928.)

[266 Pac. 1103.]

*Workmen's Compensation Act — Surgeon's Fee for Hernia Operation—Section of Act Applicable—Statutes—Repeal by Implication not Favored.*

Statutes—Repeal by Implication not Favored.
  1. Repeals of statutes by implication are not favored, and before a prior statute may be said to have been thus repealed by a later one it must be wholly inconsistent and incompatible with the latter, especially so when the Act claimed to have been repealed appears to have been under consideration by the legislature to the extent of a direct reference thereto in the subsequent Act, both in the title and the repealing clause, it being the duty of courts to reconcile the statutes, if possible, consistent with legislative intent.

Statutory Construction—Intention of Legislature to be Pursued—Inconsistency Between General and Particular Provisions—Latter Controlling.
  2. In the construction of a statute, the intention of the legislature must be pursued, if possible; and when a general and a particular provision are inconsistent, the latter is paramount to the former.

Workmen's Compensation Act—Special Provision for Compensation for Hernia Operation Paramount to General Provision for Surgical Service.
  3. Under the above rules of construction, *held*, that section 2921, Revised Codes 1921 (Workmen's Compensation Act), providing a

---

  1. Repeals by implication, see notes in 14 Am. Dec. 209; 88 Am. St. Rep. 271. See, also, 23 Cal. Jur. 691; 25 R. C. L. 914, 920.
  2. See 23 Cal. Jur. 762; 25 R. C. L. 1010.

fee of not to exceed fifty dollars where it becomes necessary to operate on an injured employee for hernia—a section treating specially of hernia alone—was not impliedly repealed by section 14 of Chapter 121, Laws of 1925, providing generally for surgical service when needed, in an amount not to exceed $500, and that therefore the Industrial Accident Board in allowing a fee of $100 for a hernia operation exceeded its authority granted under section 2921.

---

[1–3] Workmen's Compensation Acts, C. J., sec. 97, p. 100, n. 76. Statutes, 36 Cyc., p. 1071, n. 25, p. 1074, n. 37, p. 1076, n. 39, p. 1077, n. 42, p. 1106, n. 29, p. 1130, n. 69.

*Appeal from District Court, Yellowstone County; O. F. Goddard, Judge.*

ACTION by the London Guaranty & Accident Company, Limited, a corporation, against the State Industrial Accident Board. Judgment for plaintiff and defendant appeals.  Affirmed.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for the Appellant, submitted a brief; *Mr. Davidson* argued the cause orally.

There are no hard-and-fast rules for construing statutory provisions even when a special and general Act cover the same subject.  The question is always to determine the legislative intent and give effect to it.  It is true that where a general and special Act cover the same subject and are contemporaneous, the courts will presume that the legislature intended by making an exception in case of the special Act to create an exception; but the reason for this rule is lacking where the general Act, as in the instant case, covers the whole subject and is of a later date than the special Act, and contains no exceptions.  (Black on Interpretation of Laws, 118; Lewis' Sutherland on Statutory Construction, secs. 276, 277; *Crane* v. *Reeder,* 22 Mich. 322.)

A subsequent general law will be deemed to supersede a special Act if it sufficiently appears by the later Act that it was intended to supersede all previous legislation on the same subject, though not expressly so stated.  (*Nusser* v. *Commonwealth,* 25 Pa. 126; *State ex rel. Whatcom Co.* v. *Purdy,* 14

Wash. 343, 44 Pac. 857.)   Where two sections are in conflict, the one must stand which best conforms to the intention and the policy of the statute.   (*State ex rel. Maryland Casualty Co. v. District Court*, 134 Minn. 131, 158 N. W. 798.)

*Messrs. Stewart & Brown*, for Respondent, submitted a brief; *Mr. John G. Brown* argued the cause orally.

Repeals by implication are never favored.   (*United States* v. *196 Buffalo Robes*, 1 Mont. 489; *Congdon* v. *Butte Consolidated Ry. Co.*, 17 Mont. 481, 43 Pac. 629; *State ex rel. Insurance Co. v. Rotwitt*, 17 Mont. 41, 41 Pac. 1004; *Jobb* v. *Meagher Co.*, 20 Mont. 424, 51 Pac. 1034; *Penwell* v. *Board of County Commrs.*, 23 Mont. 351, 59 Pac. 167; *State ex rel. Hay* v. *Hindson*, 40 Mont. 353, 106 Pac. 362; *State ex rel. Wynne* v. *Quinn*, 40 Mont. 472, 107 Pac. 506; *State ex rel. Metcalf* v. *Wileman*, 49 Mont. 436, 143 Pac. 565; *State ex rel. Eagge* v. *Bawden*, 51 Mont. 357, 152 Pac. 761; *Equitable Life Assur. Co.* v. *Hart*, 55 Mont. 76, 173 Pac. 1062; *State* v. *District Court*, 56 Mont. 464, 185 Pac. 157; *State* v. *Miller*, 69 Mont. 1, 220 Pac. 97.)

There can be no question but what the language of section 2921, Revised Codes 1921, is clear, and where such is the case, "it is not in the province of the court to say the legislature did not mean what it clearly states." (*Melzner* v. *Northern Pac. Ry. Co.*, 46 Mont. 162, 127 Pac. 146; *Cruse* v. *Fischl*, 55 Mont. 258, 175 Pac. 878; *Scheffer* v. *Chicago etc. Ry.*, 53 Mont. 302, 163 Pac. 565.)   To adopt the rule here urged by the Industrial Board would be to make a nullity of the plain words of the statute.   The converse is the rule.   Courts will give a statute a construction to make it operative if it is possible to do so. (*Thomas* v. *Smith*, 1 Mont. 21; *State ex rel. Gleason* v. *Stewart*, 57 Mont. 397, 188 Pac. 904.)

We have here two admissible constructions of these Acts. The one urged by appellant renders meaningless section 2921; a construction to render it meaningless will not be followed. (*Wilkinson* v. *LaCombe*, 59 Mont. 518, 197 Pac. 836; *State ex rel. Board* v. *District Court*, 62 Mont. 275, 204 Pac. 600.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This lawsuit grew out of a dispute over the application of two sections of the Workmen's Compensation Act, or, more specifically, over the question whether section 2921, Revised Codes 1921, is superseded by the 1925 amendment of section 2917, Revised Codes 1921 (Session Laws 1925, Chap. 121, p. 209).

The facts are that Great Western Sugar Company, operating in Yellowstone county, carried compensation insurance under plan 2 of the Act. The plaintiff, London Guaranty & Accident Company, Ltd., is the insurance carrier of the Great Western Sugar Company. Claude Cox, while in the employ of the latter company, suffered inguinal hernia. He was sent to a hospital where he submitted to herniotomy. Thereafter the Industrial Accident Board, presuming to act under the provisions of section 2917, as amended in 1925, ordered the plaintiff to pay the surgeon the sum of $100 for the operation. The plaintiff refused to pay the surgeon the sum of $100 for the operation. The plaintiff refused to pay any sum in excess of $50, relying upon the provisions of section 2921. The controversy was submitted to the district court upon an agreed statement of facts under the provisions of sections 9872 et seq., Revised Codes 1921, London Guaranty & Accident Company, Ltd., appearing as plaintiff and the Industrial Accident Board appearing as defendant. The trial court found for the plaintiff and the defendant appealed from the judgment.

The Compensation Act was enacted in 1915 (Session Laws 1915, Chap. 96, p. 168 et seq.). Section 16 of the Act was divided into fifteen subdivisions, designated by the letters (a) to (o), inclusive.

Section 16 (f) provided: "During the first two weeks after the happening of the injury, the employer or insurer, or the accident fund, as the case may be, shall furnish reasonable medical and hospital services and medicines as and when

needed, in an amount not to exceed fifty dollars in value, except as otherwise in this Act provided, and when the employer is a party to a hospital contract, unless the employee shall refuse to allow them to be furnished." This subdivision was amended in 1921 by fixing the sum for medical and hospital services at $100 instead of $50 (Session Laws 1921, Chap. 196, sec. 3) and was numbered 2917 of the Revised Codes. The section was amended again in 1925 (Session Laws 1925, Chap. 121, sec. 14) to read as follows: "During the first *six months* after the happening of the injury, the employer or insurer or the board, as the case may be, shall furnish reasonable medical, *surgical* and hospital service and medicines when needed, not exceeding in amount the *sum of five hundred dollars,* unless the employee shall refuse to allow them to be furnished, and unless such employ is under a hospital contract, *as provided in section 2907 of this Act."* Changes in the section are indicated by the italicized words. Another change was to omit the words "as otherwise provided in this Act," which appear in the original enactment and in the amendment of 1921.

Section 16 (j) of the 1915 Act provided: "A workman in order to be entitled to compensation for hernia must clearly prove: (1) That the hernia is of recent origin, (2) that its appearance was accompanied by pain, (3) that it was immediately preceded by some accidental strain suffered in the course of the employment, and (4) that it did not exist prior to the date of the alleged injury. If a workman, after establishing his right to compensation for hernia as above provided, elects to be operated upon, a special operating fee of not to exceed fifty dollars shall be paid by the employer, the insurer, or the board, as the case may. In case such workman elects not to be operated upon, and the hernia becomes strangulated in the future, the results from such strangulation will not be compensated." This section, now 2921, Revised Codes 1921, has never been amended unless by implication.

For the defendant the argument proceeds upon the theory that in amending section 2917 in 1925 by increasing the period of time during which medical and hospital services are to be furnished by the employer, adding surgical services, increasing the amount to be expended, and omitting the words "as otherwise provided in this Act," which appear in the original Act and in the 1921 amendment, the Legislatitve Assembly intended to repeal section 2921. It is urged that "by expressly eliminating the exception which had been retained in section 2917 after the first amendment of the section and by including surgical fees which the legislature must have considered previously covered by section 2921, as there was no other provision for paying them except where hospital contracts were let, it follows that the legislature must have intended that section 2917 as amended by Chapter 121, Laws of 1925, should supersede the provisions of section 2921."

Chapter 121 was designed to amend the sections of the Compensation Act which are designated specifically. Section 2921 is not one of them. A section was added, 2990A.

The 1925 Act not only increased the allowance for medical and hospital services, and added surgical services, in section 2917, but by amending certain specified sections increased substantially the amount to be awarded for various injuries, and burial expenses and liberalized the original Act in other particulars. In terms it did not affect section 2921 in any way; if a repeal was effected it was by implication. If the legislative assembly had intended to repeal section 2921, or any part of it, the way was open and easy to follow. That there was no intention to repeal the entire section, is, when the substance thereof is considered, too plain for argument. Unless we except the amount allowed for an operating fee, the subject of section 2921 is not covered by section 2917 in the slightest degree.

Repeals by implication are not favored. "A subsequent statute to have this effect on a previous one must be wholly [1–3] inconsistent and incompatible with it." (United

*States* v. *Buffalo Robes*, 1 Mont. 489.) The presumption is that the legislature passes a law with deliberation and with a full knowledge of all existing ones on the same subject, and does not intend to interfere with or abrogate a former law relating to the same matter unless the repugnancy between the two is irreconcilable. (*State ex rel. Aachen & Munich Fire Ins. Co.* v. *Rotwitt*, 17 Mont. 41, 41 Pac. 1004; *Jobb* v. *County of Meagher*, 20 Mont. 424, 51 Pac. 1034.) This is especially true when the existing law—in this case the Compensation Act—"appears to have been under consideration to the extent of a direct reference thereto, both in the title and in the repealing clause." (*State* v. *Bowker*, 63 Mont. 1, 205 Pac. 961.)

It is our duty to reconcile the statutes if it appears possible to do so, consistent with legislative intent. We bear in mind the rule that an implied repeal results only from an enactment, the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier Act. (Lewis' Sutherland on Statutory Construction, 2d ed., sec. 247; *State* v. *Miller*, 69 Mont. 1, 220 Pac. 97; *In re Naegele*, 70 Mont. 129, 224 Pac. 269.)

"In the construction of a statute, the intention of the legislature * * * is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former." (Sec. 10520, Rev. Codes 1921; *City of Butte* v. *Industrial Accident Board*, 52 Mont. 75, 156 Pac. 130.)

This provision is directly applicable to the present question; section 2921 is a special section relating to a specific subject; it relates to hernia and nothing else. It cannot be said upon any theory that there is any inconsistency between sections 2917 and 2921 unless it be found in the fact that both relate in some measure to the compensation to be awarded for surgical service. But it seems to us that the two sections are not inharmonious in any degree. It is clear that there are many calls for surgical services in cases which are not within the contemplation of section 2920, which relates to the loss of a

member, or members, or of specified faculties, of the body, or section 2921, which relates to hernia exclusively. It is reasonable to suppose that when the legislature passed the amendatory Act of 1925, it had this in mind, for it is notable that prior to the 1925 enactment, while hospital and medical services and medicine were provided for, surgical services, except where hospital contracts were in existence, were not.

Counsel for the defendant say that in view of the general and substantial increases made by the legislature in the 1925 Act, it cannot be presumed that that body "intended to make such an unjust discrimination between surgeons who perform hernia operations and those who perform any other operation, even though a very simple one." This is one argument. Another is that in view of a prevalent notion respecting the value of professional services the supposition that the legislature regarded fifty dollars enough for an operation for hernia is not unreasonable.

We agree with the trial court that section 2921 is an exclusive statute upon the subject to which it relates.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.