## TEXAS LIQUOR CONTROL BOARD v. CONTINENTAL DISTILLING SALES CO.

### No. 13777.

Court of Civil Appeals of Texas. Dallas.
June 20, 1947.

For previous opinion, see Tex.Civ., 199 S.W.2d 1009.

Price Daniel, Atty. Gen., Ned McDaniel and Robert A. Hall, Asst. Attys. Gen., Richard H. Cocke, Sp. Asst. Atty. Gen., and Will R. Wilson, Dist. Atty., and Douglas E. Bergman, First Asst. Dist. Atty., both of Dallas, for appellant.

O. O. Touchstone and John N. Touchstone, both of Dallas, for appellee.

BOND, Chief Justice.

On January 12, 1947, 199 S.W.2d 1009, we entered judgment in this cause, holding, in effect, that the Texas Liquor Control Board, charged with the administration of the sale of alcoholic liquors and the regulation of its traffic in this State, under the provisions of art. 666, Penal Code, as amended in 1943, 48th Legislature, page

509, ch. 325, sec. 14, Vernon's Ann.P.C. art. 666—15½, lawfully refused, after due notice and hearing, to issue to appellee Continental Distilling Sales Company a renewal of its "Wholesale-Storage Permits," inhibited by sec 15½, subd. A(4) of said Article, while the Continental Distilling Corporation, an affiliate, was then holding a "Non-resident Seller's Permit." The section reads: "It shall be unlawful for any person holding a Non-resident Seller's Permit, or for any officer, director, agent or employee thereof, or for any affiliate, whether corporate or by management, direction or control to: (a) Hold or have an interest in the permit, business, assets or corporate stock of any person authorized to import liquor into this state for the purpose of resale; provided that such restrictions shall not be applicable to any such interest acquired on or before January 1, 1941."

On January 24, 1947, the appellee Continental Distilling Sales Company filed their petition for rehearing, in which it was suggested that the judgment of this Court was in error, in that, the statute under review creates a classification based upon a permit to do business as a wholesaler on January 1, 1941, and controls the future issue of permits upon such basis, therefore arbitrary, discretionary, unreasonable and void for uncertainty and without due process of law, contrary to the 14th Amendment to the United States Constitution. The petition for rehearing was considered and denied by this Court without any further opinion dealing with the issues involved on the appeal. In due time an application for writ of error was presented to Texas Supreme Court, resulting in that Court's refusing the writ, and on June 4, 1947, that Court denied rehearing.

The first suggestion of the Federal question was presented in appellee's petition for rehearing to this Court. An examination of the proceedings, the transcript, briefs and judgment, discloses that the gist of the questions under review was the interpretation given to the related provisions of the Penal Code of the State. No Federal question was brought in issue in the court below and none raised here on original submission of this appeal.

The judgment of this Court having become final on the action of the Supreme Court of this State in overruling appellee's motion for rehearing, the appellee, on June 5, 1947, presented to the Chief Justice of this Court an application for allowance of appeal to the Supreme Court of the United States under the provisions of Judicial Code, sec. 237(a, c), 28 U.S.C.A. § 344(a, c), for the reason that this Court erred in its application and construction of the State Statutes designated "Texas Liquor Control Act," sec. 15½, subd. A(4), supra, in that, the statute is repugnant to the 14th Amendment to the Constitution of the United States; depriving appellee of its right to do business in this State, creating a penal offense against appellee and allowing others in the same class to do business without violation of the Penal Code. And in said application appellee sought further to have mandate on our judgment stayed pending such appeal. In limine, the application was granted by our Chief Justice, pending hearing by this Court in banc, and on such hearing, appellant having answered in opposition to granting the request, we concluded that there was no such Federal question drawn in issue in this appeal as the Supreme Court of the United States will overturn the judgment of this Court. The Article under review is a regulatory measure, governing the transportation or importation of intoxicating liquors and forbidding such liquor traffic within this State by restricting affiliates from entering into such unity liquor business as to form affiliated corporate monopolies. The right of the State to discriminate under the 21st Amendment of the Federal Constitution carries with it all power necessary to carry out its will. It matters not whether the discrimination is reasonable or unreasonable, if there is discrimination between wholesalers or importers as to cause any to cease doing business in the State, such is only that which is necessary to effectuate the State's regulation of the liquor traffic in the interest of public welfare. The discrimination, if present, which we think does not exist, such is only incidental to the

main purpose of the Act, i.e., maintaining various levels of the liquor industry within this State. The policy of the State, as reflected in the statute, art. 666, Penal Code, is clearly appropriate for effectually eliminating the evils incident to the combination of affiliated companies in such business. It would be utterly absurd to hold that an importer of liquor may be affiliated, as in the case at bar, with a wholesaler, or a wholesaler affiliated with an importer, and not be under the control of the State authorities. The State, under the 21st Amendment, has the express power reserved to it to regulate as it sees fit with regard to commerce in intoxicating liquors, and such right carries with it all power necessarily incidental to effectuating the main purpose of the Act. State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 78, 79, 81 L.Ed. 38; Mahoney v. Joseph Triner Corp., 304 U.S. 401, 58 S.Ct. 952, 82 L.Ed. 1424; Indianapolis Brewing Co. v. Liquor Control Commission, 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243; Ziffrin, Inc., v. Reeves, 308 U.S. 132, 60 S.Ct. 163, 167, 84 L.Ed. 128; Clark Distilling Co. v. Western Maryland R. R. Co., 224 U.S. 311, 37 S.Ct. 180; Missouri, Kansas & Texas R. Co. of Texas v. May, 194 U.S. 267, 24 S.Ct. 638, 48 L.Ed. 971.

In the May case, last above cited, Justice Holmes of the Supreme Court, said: "It is admitted also that legislation may be directed against a class when any fair ground for the discrimination exists. * * * When a state legislature has declared that, in its opinion, policy requires a certain measure, its action should not be disturbed by the courts under the 14th Amendment, unless they can see clearly that there is no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched.

So, in the case at bar, where the Legislature has once determined, as we think was the clear intent from the language used in the statute under review, that the various levels of the liquor industry in this State shall be kept absolutely independent, is sufficient reason for the Legislature to authorize certain affiliates who were affiliated prior to a certain date and exempt them from the operation of the law under the assumption that such affiliation was not brought about for the purpose of creating a monopoly.

It being clear that the allowance of an appeal by this Court to the United States Supreme Court under sec. 344(a), supra, and suspension of our judgment pending such appeal, is discretionary, and not a matter of right as we first determined by order through our Chief Justice, and that there is so little likelihood for the Supreme Court of the United States to disturb or overturn the opinion of this Court, we think the balance of convenience requires this court to refuse the appeal and suspension of our decree by withholding its mandate.

It is therefore our opinion that our order, edited by our Chief Justice, allowing the appeal and staying the mandate, should be set aside and the request of appellee for affirmative order be denied. It is so ordered.