FLETCHER, Respondent, v. PAIGE et al., Appellants.

No. 8973

Submitted April 24, 1950. Decided June 30, 1950.

220 Pac. (2d) 484

Mr. Arnold H. Olsen, Atty. Gen., Mr. Wesley W. Wertz, Charles V. Huppe, Special Asst. Attys. Gen., for appellants. Mr. Wertz and Mr. Huppe argued orally.

Messrs. Loble and Loble, Mr. Gene A. Picotte, Helena, for respondent. Mr. Henry Loble, Helena, argued orally.

MR. JUSTICE METCALF:

On December 23, 1949, the Montana liquor control board directed a letter to all Montana licensed brewers and beer wholesalers containing the following paragraph: "The board directs that from and after April 1, 1950, there will be no further advertising of beer by electric or illuminated sign, contrivance or device or on any hoarding signboard, billboard or other like place in public view. The date of April 1, 1950 has been fixed so that no undue hardship will be worked by a demand of immediate compliance. Advertising by other legitimate means in accordance with the regulations of the board is, of course, not affected."

The board's letter quoted section 4-170, R. C. M. 1947, and added "advertising beer or malt liquor *on a brewery* kept *by a brewer* are exempt under that statute provided the board permits such advertisements."

In this action the plaintiff is seeking a declaratory judgment as to the validity of the above order of the Montana liquor control board. The plaintiff filed his amended complaint on February 8, 1950, the defendant board answered, and the plaintiff replied. Thereafter both parties moved for a judgment on the pleadings. Judgment was rendered for the plaintiff and the defendant liquor control board has appealed from that judgment.

The State Liquor Control Act. sections 4-101 to 4-239, R. C. M. 1947, and the Montana Beer Act, sections 4-301 to 4-356, R. C. M. 1947, were companion measures originally enacted as Chapters 105 and 106, respectively, of the Laws of 1933. The Montana liquor control board administers both Acts. R. C. M. 1947, secs. 4-107, 4-112, 4-113, 4-306, 4-307. These statutes are *in pari materia* and must be construed together, State v. Bowker,

63 Mont. 1, 7, 205 Pac. 961; State ex rel. Special Road District No. 8 v. Mellis, 81 Mont. 86, 92, 261 Pac. 885, and together with the amendments thereto are all one homogeneous and consistent body of law.

In section 2 of Chapter 105, Laws of 1933, the word "liquor" was defined by subsection (i) as follows: " 'Liquor' or 'Liquors' means and includes any alcoholic, spirituous, vinous, fermented, malt or other liquor, which contains more than one per centum (1%) of alcohol by weight."

"Beer" was defined in the companion Montana Beer Act by section 2 of Chapter 106, Laws of 1933, in subsection (b): " 'Beer' means any beverage obtained by alcoholic fermentation of an infusion or decoction of barley, malt and hops, or of any other similar products in drinkable water."

Those statutes are now sections 4-102 and 4-302, R. C. M. 1947, respectively. So that even before the passage of Chapter 209, Laws of 1949, the definition of beer in section 4-302, R. C. M. 1947, was applicable throughout the State Liquor Control Act and the Montana Beer Act whenever it occurred in either Act. R. C. M. 1947, sec. 12-215.

Section 4-170, R. C. M. 1947, enacted as section 65 of Chapter 105, Laws of 1933, is as follows:

"No person within the state shall * * *

" (3) exhibit or display, or permit to be exhibited or displayed, any advertisement or notice of or concerning liquor by an electric or illuminated sign, contrivance or device or on any hoarding signboard, billboard or other like place in public view or by any of the means aforesaid, advertise any liquor. This subsection shall not apply to any advertisement respecting beer or malt liquor on a brewery or premises where beer or malt liquor may be lawfully stored or kept by a brewer under the law; provided that such last mentioned advertisement has first been permitted in writing by the Board and then subject to the directions of the Board; * * *"

In 1933, as we have seen, the term "liquor" included all malt

or other liquor and therefor included beer, so that in forbidding the advertising of liquor the legislature also forbade the advertising of beer. Further indicating the plain intention of the legislature to prohibit billboard advertising of beer is the express exception in the proviso: ''This subsection shall not apply to any advertisement respecting beer or malt liquor on a brewery or premises where beer or malt liquor may be lawfully stored or kept by a brewer under the law * * *''

Where a statute directs that a thing may be done in one man- ■■ ner it ordinarily implies that it shall not be done in any other manner. In providing that signs advertising beer or malt liquor can be placed upon a brewery or premises where beer or malt liquor was lawfully stored or kept, it logically follows that beer cannot be advertised by signboard or billboards in any other place. This is merely an application of the familiar maxim of *expressio unius est exclusio alterius.*

The question now is as to the effect of the amendment to section 4-102 by the 1949 legislative assembly. Subsection (i) was amended by the addition of the following exception: ''(i) 'Liquor' or 'liquors' means and includes any alcoholic, spirituous, *vinous,* fermented, malt or other liquor, which contains more than one percent (1%) of alcohol by weight *but shall not mean or include beer as that term is defined in the Montana beer act by subsection (b) of section 2815.11, Revised Codes of Montana, 1935, as amended by Chapter 30, laws of the twenty-fifth legislative assembly of Montana, 1937, and as permitted to be manufactured and/or sold or transported in and into this state or possessed therein in the manner and under the conditions prescribed in the 'Montana beer act'.''*

Did the legislature by this amendment qualifying the definition of liquor, intend to permit the signboard or billboard advertising of beer on places other than breweries or premises where beer was stored?

If Chapter 209, Laws of 1949, has by implication permitted the signboard or billboard advertising of beer, then by implication

the legislature has repealed the proviso in subsection (3) of section 4-170 that beer may be advertised on breweries or premises where beer may be stored. Otherwise section 4-170, while prohibiting signboard or billboard advertising of liquor, will permit signboard or billboard advertising of beer under all conditions, thus rendering meaningless the exception that the subsection shall not apply to advertising on breweries and storage places for beer.

"Every word, phrase, clause, or sentence employed is to be considered and none shall be held meaningless if it is possible to give effect to it." Campbell v. City of Helena, 92 Mont. 366, 384, 16 Pac. (2d) 1, 4; Mid-Northern Oil Co. v. Walker, 65 Mont. 414, 428, 211 Pac. 353; In re Wilson's Estate, 102 Mont. 178, 193, 56 Pac. (2d) 733, 105 A. L. R. 367.

The general rule is that for a subsequent statute to repeal a former statute by implication, the previous statute must be wholly inconsistent and incompatible with it. United States v. 196 Buffalo Robes, 1 Mont. 489, approved in London Guaranty & Accident Co. v. Industrial Accident Board, 82 Mont. 304, 309, 266 Pac. 1103, 1105. The court in the latter case continued: "The presumption is that the Legislature passes a law with deliberation and with a full knowledge of all existing ones on the same subject, and does not intend to interfere with or abrogate a former law relating to the same matter unless the repugnancy between the two is irreconcilable. State ex rel. Aachen & Munich Fire Ins. Co. v. Rotwitt, 17 Mont. 41, 41 Pac. 1004; and Jobb v. County of Meagher, 20 Mont. 424, 51 Pac. 1034."

It will not be presumed that a subsequent enactment of the legislature intended to repeal former laws upon the subject when such former laws were not mentioned. "It is our duty to reconcile the statutes if it appears possible to do so, consistent with legislative intent. We bear in mind the rule that an implied repeal results only from an enactment, the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. Lewis' Sutherland on Statutory Construction, 2d Ed., sec. 247; State v. Miller, 69 Mont. 1,

220 Pac. 97; In re Naegele, 70 Mont. 129, 224 Pac. 269.'' London Guaranty & Accident Co. v. Industrial Accident Board, supra.

We are admonished by statute, sec. 93-401-16, R. C. M. 1947, and by decision, State v. Redmond, 73 Mont. 376, 380, 237 Pac. 486, that in construing provisions of the liquor law the intention of the legislature must be pursued. And it is the intent of the legislature that passed the Act that is controlling. The legislature that originally passed section 4-170 clearly intended to prohibit signboard or billboard advertising of beer and malt liquors except under the conditions set forth in the last part of subsection (3).

The 1933 legislature defined beer and liquor substantially as it is defined by Chapter 209, Laws of 1949. The actual effect of Chapter 209, Laws of 1949, is to clarify the distinction between liquor and beer that was already present in the law because of the relationship between the Montana Beer Act and the State Liquor Control Act.

In view of the original legislative intent to prohibit billboard or signboard advertising of beer and malt liquors and the failure of the thirty-first legislative assembly to specifically repeal the subsection indicating that intent, it cannot be said that a general clarifying definition by a subsequent legislature will by implication permit what has been expressly forbidden. Lerch v. Missoula Brick & Tile Co., 45 Mont. 314, 320, 123 Pac. 25, Ann. Cas. 1914A, 346; Johnson v. Meagher County, 116 Mont. 565, 155 Pac. (2d) 750.

''The meaning of a given term employed in a statute must be measured and controlled by the connection in which it is employed, the evident purpose of the statute, and the subject to which it relates.'' Northern Pac. Ry. Co. v. Sanders County, 66 Mont. 608, 612, 214 Pac. 596, 598; State ex rel. Federal Land Bank of Spokane v. Hays, 86 Mont. 58, 63, 282 Pac. 32; Murray Hospital v. Angrove, 92 Mont. 101, 116, 10 Pac. (2d) 577; State ex rel. Krona v. Holmes, 114 Mont. 372, 136 Pac. (2d) 220.

Contention was made by the defendant Montana liquor control board that Chapter 209 was void and invalid because of a

defective title. Inasmuch as we have held that the amendment by Chapter 209 changing the definition of the word "liquor" is not applicable to change section 4-170, it becomes unnecessary to pass upon that question.

It is suggested that section 4-170 is unconstitutional in its entirety as an unreasonable interference with a lawful private business. Both parties conceded that section 4-170 was valid as to liquor other than beer so the question was not briefed.

The Supreme Court of the United States has included liquor among the special category of articles which are subject to exceptional control by the legislative branch and has sustained controls and regulations "which would have been repugnant to the great guarantees of the Constitution but for the enlarged right possessed by government to regulate liquor." Clark Distilling Co. v. Western Md. Ry. Co., 242 U. S. 311, 332, 37 S. Ct. 180, 187, 61 L. Ed. 326, L. R. A. 1917B, 1218. "In other words, the exceptional nature of the subject here regulated is the basis upon which the exceptional power exerted must rest and affords no ground for any fear that such power may be constitutionally extended to things which it may not, consistently with the guarantees of the Constitution, embrace." See also Ziffrin, Inc., v. Reeves, 308 U. S. 132, 60 S. Ct. 163, 84 L. Ed. 128; Crowley v. Christensen, 137 U. S. 86, 11 S. Ct. 13, 34 L. Ed. 602; Texas Liquor Control Board v. Continental Distilling Co., Tex. Civ. App., 203 S. W. (2d) 288.

Freeman v. Board of Adjustment, 97 Mont. 342, 34 Pac. (2d) 534, while laying down the abstract proposition quoted in the dissent, sustained the validity of a zoning ordinance as a legitimate regulation in the public interest.

Prohibition of liquor or beer advertising as a reasonable regulation has been uniformly sustained. For example, see Commonwealth v. Anheuser-Busch, Inc., 181 Va. 678, 26 S. E. (2d) 94, and Bird & Jex Co. v. Funk, 96 Utah 450, 85 Pac. (2d) 831. The Federal Government regulates liquor advertising, 27 U. S. C. A., sec. 205 (f), and many states have statutes or administrative regu-

lations ranging from absolute prohibition of such advertising to limitations upon its use.

See "Controls over Labelling & Advertising of Alcoholic Beverages" by Russell in 7 Law & Contemporary Problems 645.

The cause is reversed and remanded with directions to dismiss the complaint.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN and BOTTOMLY concur.

MR. JUSTICE FREEBOURN (dissenting):

I believe the judgment of the lower court should be sustained. In my opinion section 4-170, R. C. M. 1947, which prohibits advertising of a legal business is unreasonable and unconstitutional because it unduly interferes with a lawful private business. As said in Freeman v. Board of Adjustment et al., 97 Mont. 342, 34 Pac. (2d) 534, 538: "Under the guise of protecting the public or advancing its interest, the state may not unduly interfere with private business or prohibit lawful occupations, or impose unreasonable or unnecessary restrictions upon them. Any law or regulation which imposes unjust limitations upon the full use and enjoyment of property, or destroys property value or use, deprives the owner of property rights."

Rehearing denied July 24, 1950.