No.  90-068

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

ANESTHESIOLOGY, P.C.; DR. C.W. McCOY; DR. GERALD H. SIEMENS;
DR. NORMAN J. NICKMAN; and DR. J.E. JARRETT,
    Plaintiffs and Respondents,
-vs-
BLUE CROSS AND BLUE SHIELD OF MONTANA, A Corporation,
    Defendant and Appellant,

---

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Hughes, Kellner, Sullivan & Alke, John Alke
            argued, Helena, Montana

        For Respondent:

            Snavely & Phillips, Robert J. Phillips argued,
            Missoula, Montana

---

                            Submitted:  September 05, 1990

                              Decided:  October 26, 1990

Filed:

FILED
'90 OCT 26 AM 10 40
ED SMITH, CLERK
MONTANA SUPREME COURT

_____
                Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant and defendant Blue Cross and Blue Shield of Montana appeals from the order of the District Court of the First Judicial District, Lewis and Clark County, granting summary judgment to plaintiff and respondent, Dr. C. W. McCoy, for a lien filed for services rendered to an insured of the defendant.

We reverse and remand for further proceedings in accordance with this opinion.

The sole issue raised by this appeal is whether the 1987 amendments to the Montana Insurance Code affect appellant's immunity from liens under the Physicians' Lien Act.

Blue Cross is a health service corporation, governed by § 33-30-101 through § -1102, MCA, operating a nonprofit health care plan within the State of Montana. It enters into contracts with health care providers for services to its insureds. In the case of a contract between Blue Cross and a physician, the physician becomes a "professional member." The professional member agrees to accept, as payment in full, a fee established by Blue Cross for services to Blue Cross insureds. The physician also forfeits the right to "balance bill" the Blue Cross insured for any difference between the physician's charge and the fee allowed by Blue Cross. The contract between Blue Cross and the professional member allows the professional member to directly bill Blue Cross for services provided to the insured.

A physician who does not have a contract with Blue Cross is a "nonmember physician." A nonmember physician must bill the

insured for the entire cost of the services provided, and look to the insured for payment of those costs. Payments made by Blue Cross for services rendered by nonmember physicians are made directly to the insured. Any balance of the bill must be paid by the insured.

Respondent, Dr. C. W. McCoy (a nonmember physician) provided health care services to Pamela Dark on December 15, 1987. Pamela was billed $1,790.00 for these services. On January 4, 1988, Dr. McCoy sent a lien notice to Blue Cross, claiming a lien against insurance benefits payable by Blue Cross to or on behalf of Pamela. Blue Cross ignored the lien and made payment directly to Pamela.

In the action against Blue Cross, plaintiff McCoy was joined by Anesthesiology, P.C. The District Court granted judgment to Dr. McCoy but found that because Anesthesiology had filed its claim on November 2, 1987, before the 1987 amendments to the insurance code became effective, its claim was barred. Anesthesiology did not appeal that decision and is not a party to these proceedings.

Appellant argues that the physicians' lien statutes of 1979 were not affected by the 1987 amendments to the Montana Insurance Code, and that appellant's immunity from physicians' liens still exists. The physicians' lien statutes, § 71-3-1111 through § 71-3-1118, MCA, were enacted in 1979. They provide in part:

> If a person is an insured or a beneficiary under insurance which provides coverage in the event of injury or disease, a physician . . . upon giving the required notice of lien, has a lien for the value of services rendered on all proceeds or payments. . . .

Section 71-3-1114(2), MCA. At the time the lien statutes were enacted, health corporations such as Blue Cross were specifically

3

excluded from the guidelines of Title 33 of the Montana Code (the Montana Insurance Code).

The corporations were excluded by the 1979 insurance code. Specifically the legislature provided:

> This code shall not apply to health service corporations to the extent that the existence and operations of such corporations are authorized by Title 35, chapter 2, and related sections of the Montana Code Annotated.

Section 33-1-102(3), MCA. In 1987 the legislature amended the insurance code to include health service corporations.

> For the purposes of this code, the following definitions apply unless the context requires otherwise:
>
> (6) "Insurer" includes . . . . . a health service corporation in the provisions listed in 33-30-102.

Section 33-1-201, MCA.

The District Court found that because health service corporations were excluded from the insurance code from 1979 to 1987, they were not subject to physicians liens during that time. The court then found that the legislature intended that physicians liens apply to health service corporations after the 1987 amendments. Appellant argues otherwise, contending that the legislature never intended the 1987 amendments to the insurance code to imply that health service corporations are now subject to physicians' lien statutes of 1979. We agree with appellant.

This Court will not intrude in areas properly the province of the legislature. We have consistently held that only in extreme circumstances is it appropriate to construe a subsequent statute against a former one without express legislative direction. "The presumption is that the legislature passes a law with deliberation and with a full knowledge of all existing ones on the same subject,

4

and does not intend to interfere with or abrogate a former law relating to the same matter unless the repugnancy between the two is irreconcilable." London G. & A. Co., v. Industrial Accident Board, 82 Mont. 304, 310, 266 P. 1103, 1105 (1928). The Court followed the London reasoning in Fletcher v. Paige, 124 Mont. 114, 220 P.2d 484 (1950): "It will not be presumed that a subsequent enactment of the legislature intended to repeal former laws upon the subject when former laws were not mentioned." Fletcher at 119, 220 P.2d at 487.

In the case before us, the legislature failed to mention the physicians' lien statutes when it amended the code in 1987. That the legislature intended the amendments to apply only to the insurance code is evidenced by the introduction to the definitions of the code, which states: "For the purposes of this code, the following definitions apply . . ." (Emphasis added.) Section 33-1-201, MCA. By leaving intact these introductory words, the legislature clearly intended that the 1987 amendments be limited to the insurance code.

Had the legislature intended to amend the physicians' lien statutes when it revised the insurance code, it would have expressly stated that intention. Unless and until the legislature specifically amends the physicians' lien statutes, we will not infer an intent to do so.

Reversed and remanded for further proceedings in accordance with this opinion.

_____
Justice

We Concur:

5



_____
Chief Justice

_____

_____

_____

_____

_____
Justices


Justice Sheehy did not participate in these proceedings.