No. 85-166

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

BOB BARTHLEMESS,

Plaintiff and Respondent,

-vs-

BRUCE K. BERGERSON, SR., TED HIRSCH,
and MAURICE E. FLEMING, as COUNTY
COMMISSIONERS OF CUSTER COUNTY,
MONTANA; and CUSTER COUNTY, MONTANA,
a body politic and corporate,

Defendants and Appellants.

TONIA R. STRATFORD,

Contestant-Appellant,

-vs-

BOB BARTHELMESS,

Contestee-Respondent,

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                In and for the County of Custer,
                The Honorable LeRoy McKinnon, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Keith D. Haker, County Attorney, Miles City, Montana
                J. Dennis Corbin, Deputy County Attorney, Miles City
                Brown & Huss; George W. Huss, Miles City, Montana

        For Respondent:

                Lucas & Monaghan; James P. Lucas, Miles City, Montana

                        Submitted on briefs: June 28, 1985

                                Decided: November 6, 1985

Filed:    NOV 6 - 1985

_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court, Sixteenth Judicial District, Custer County, Montana. Following a bench trial the court found the Custer County Commissioners had not drawn the proposed new commission district boundaries as compactly and as equal in area as possible in violation of § 7-4-2102, MCA; that the proposed new districts are void and the prior commissioner districts remain valid; and that Bob Barthelmess be declared the duly elected county commissioner from Commissioner District # 2. We affirm in part, reverse in part, and remand for further action consistent with this opinion.

In October, 1983, pursuant to § 7-4-2102, MCA, the Custer County Commissioners redefined the commissioner district boundaries using the 1980 federal decennial census figures. These proposed new districts were reviewed and approved by the Honorable A. B. Martin, the only District Judge residing in the county. A metes and bounds description was properly filed and recorded in the office of the Custer County Clerk and Recorder October 31, 1983.

The new boundaries changed the size and shape of the commissioner districts, particularly increasing the size of District # 1. The boundary lines are not straight, especially within the city of Miles City, but this is not at issue. The boundaries outside the city are easily identifiable, and there is no evidence of any gerrymandering. The City-County Planning Office was the only agency in the county which subscribed to the complete Federal Census Reports, including maps and all the data that came with them. Earlier they had reapportioned the city wards and more or less took it upon themselves to redraw the commissioner district lines.

2

The objective of the planning board was to create simple identifiable districts which were as equal in population as possible. Area was not a major consideration.

On March 20, 1984, Mr. Barthelmess, plaintiff-respondent in this action, filed for the office of County Commissioner from Commissioner District # 2, notwithstanding he resided in Commissioner District # 3 as a result of the new boundary lines. There was no vacancy at the time in Commissioner District # 3, as the term of the incumbent, Mr. Bruce Bergerson, Sr., of Miles City, had not expired. Mr. Barthelmess won the Democratic primary election and the general election. Following the general election, Tonia R. Stratford filed an action in District Court against Mr. Barthelmess alleging he was not a resident of the commissioner district from which he had run, in violation of Title 13 of the Montana Election Laws. Mr. Barthelmess sued the Custer County Commissioners, alleging the commissioner districts of October 31, 1983, were improperly created because they did not meet the requirements of § 7-4-2102, MCA, that districts be as compact and equal in area as possible. The two causes were combined and a trial was held January 10, 1985. Stratford and the County Commissioners appeal.

The Court will consider the following issues:

(1) Whether § 7-4-2102, MCA, calling for commissioner districts to be as compact and equal in population as possible means mathematical exactness or whether county commissioners are allowed discretion in determining boundaries.

(2) Whether the commissioner districts which are not as compact and equal in area as possible are void as violating § 7-4-2102, MCA.

3

(3) Whether the commissioner districts created in 1974, which did not meet the requirements of § 7-4-2102, MCA, be reinstated.

(4) Whether a county commissioner can be elected from a commissioner district in which he did not reside at the time of filing his declaration of nomination.

There are four statutory requirements to be met when dividing a county into commissioner districts: compactness, equality of population, equality of area, and approval by the district judge or judges in the county. In this case it does not appear an attempt was made to satisfy both equality of area and equality of population. Mr. Barthelmess contends the new commissioner districts are void because they do not meet the criteria in § 7-4-2102. Specifically they are not as compact and equal in area as possible. Mr. Richard M. Jones, director of the city-county planning office admitted his office was unaware of the statutory requirement of compactness of area which was not considered when the district lines were drawn. This is not to suggest the statute permits no discretion on the part of the county commissioners. The ultimate result of such a claim would render county commissioners incapable of effective decision making. Acknowledging county commissioners have a limited amount of discretion, mathematical exactness when complying with the statute is required only when this is reasonably possible.

> The meaning of a given term employed in a statute must be measured and controlled by the connection in which it is employed, the evident purpose of the statute and the subject to which it relates.

Fletcher v. Paige (1950), 124 Mont. 114, 120, 220 P.2d 484, 487. Although it is doubtful mathematical exactness is reasonably possible in this case, compliance with the statute

requires, at minimum, an attempt to equalize both area and population.

Boundary location is important because it determines who is eligible to run for office by virtue of residency in a given district. The reason for the residency requirement is not to satisfy the one-man-one-vote rule announced in Baker v. Carr (1962), 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, because all the voters in Custer County have the opportunity to vote for a candidate for county commissioner. Rather, it is a basis of residence for candidates. Research does not reveal the legislative intent in drafting the statute, but the effect of the statute is an attempt to assure a geographic distribution of candidates for the office of county commission. It is essential the integrity of the lines be maintained to protect potential candidates.

Redistricting decisions require a balancing test among competing interests. McBride v. Mahoney (Mont. 1983), 573 F.Supp. 913. Although each interest must be weighed carefully, the importance of population when district lines are drawn has been emphasized numerous times by the United States Supreme Court. "[The] Constitution permits no substantial variation from equal population in drawing districts for units of local government having general government powers over the entire geographic area served by the body." Avery v. Midland County (1968), 390 U.S. 474, 484-485, 88 S.Ct. 1114, 1120, 20 L.Ed.2d 45, 53. The overriding objective must be substantial equality of population among the various districts; however variations from a pure population standard can be justified by the recognition of natural or historical boundary line. Indiscriminate disregard for these natural boundaries can result in partisan gerrymandering. Reynolds v. Sims (1964),

5

377 U.S. 533, 578-79, 84 S.Ct. 1362, 1390, 12 L.Ed.2d 506, 537.

There is considerable evidence the population among districts has been equalized. It is equally clear the area of the districts has not. The Court affirmes the District Court's conclusion the Custer County Commissioners and the Custer county planner acted in good faith, but being unaware of the provisions of § 7-4-2102, MCA, the planner was not concerned with compactness or equality of the proposed new commissioner districts. The purported commissioner districts of 1983 are not as compact or as equal in area as possible and are therefore void. Compliance with § 7-4-2102 requires both equality of population and of area, but does not require mathematical exactness. The boundary lines approved October 31, 1983, do not meet the statutory requirements. The districts must be redrawn to comply with the statute, consistent with this opinion. Both district judges of the Sixteenth Judicial District must review and approve the plan before it is filed and recorded.

Mr. Barthelmess did not reside in the commissioner district from which he ran and was elected. The statute is clear and unambiguous:

> (1) At each general election, the member or members of the board of county commissioners to be elected shall be selected from the residents and electors of the district or districts in which the vacancy occurs, but the election of such member or members of the board shall be submitted to the entire electorate of the county.
>
> (2) No one shall be elected as a member of said board who has not resided in said district for at least 2 years next preceding the time when he shall become a candidate for said office.

Section 7-4-2104.

6

We agree with the District Court's conclusions of law as to the boundary lines:

> 2. That the Custer County Commissioners and the Custer County Planner acted in good faith, but being unaware of the provisions of Section 7-4-2102, MCA, the Planner was not concerned with compactness nor with equality of area of the proposed new Commissioner Districts.
>
> 3. The purported Commissioner Districts of 1983, are not as compact nor as equal in area as possible, and are therefore void, and the prior Commissioner Districts remain as valid Commissioner Districts.

We modify conclusion No. 5 declaring Bob Barthelmess the duly elected commissioner of District #2, to permit him to hold office until the next general election when a candidate will be elected for the remainder of the term involved. In the meantime, the county is to be redistricted in accordance with the provisions of § 7-4-2102, MCA, and the holding of this opinion.

The prayer for mandamus is denied. Each party shall bear its own costs.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7