IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 86-035

BOB BARTHELMESS,

Plaintiff and Respondent,

v.

BRUCE K. BERGERSON, SR.,
TED HIRSCH and MAURICE E.
FLEMING, as COUNTY
COMMISSIONERS OF CUSTER
COUNTY, MONTANA; and CUSTER
COUNTY, MONTANA, a body
politic and corporate,

Defendants and Appellants,

v.

TONIA R. STRATFORD,

Contestant and Appellant,

v.

BOB BARTHELMESS,

Contestee and Respondent.

FILED

JAN 30 1986

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AND OPINION

This Court in an opinion issued on November 6, 1985, Barthelmess v. Bergerson (Mont. 1985), 708 P.2d 1010, 42 St.Rep. 1685, ordered the redistricting of Custer County to comply with the criteria set forth in § 7-4-2102, MCA, noting that the boundary lines approved October 31, 1983, do not comply with the statutory requirements.

We ordered the districts be redrawn to comply with the statute consistent with this opinion. In addition, we directed that both District Judges of the Sixteenth Judicial District must review and approve a plan before it was filed and recorded.

1

In our opinion we noted that Mr. Barthelmess did not reside in the commissioner district from which he ran and was elected, and directed the District Court's conclusions of law as to the boundary lines be modified. Furthermore, we modified conclusion No. 5 of the court's findings and conclusions "declaring Bob Barthelmess the duly elected commissioner of District #2, to permit him to hold office until the next general election when a candidate would be elected for the remainder of the term involved." Barthelmess, 708 P.2d at 1014, 42 St.Rep. at 1689.

The Custer County commissioners in good faith attempted to carry out the mandates of the opinion of this Court and immediately upon receiving the decision of this Court, attempted to draw new commissioner districts before December 2, 1985.

The need to meet the December 2, 1985 deadline was noted in our opinion as mandated by § 7-4-2102, MCA, which states:

> No change in the boundary lines of any commissioner district shall be made within 6 months next preceding a primary election.

The primary election is scheduled to occur in Custer County on June 2, 1986.

A redistricting plan was submitted to Judges Alfred B. Coate and A. B. Martin, November 26, 1985, and an order was issued by the Honorable Alfred B. Coate the same day rejecting the newly proposed commissioner districts that had been created as mandated by the opinion of this Court. On December 3, 1985, the two Judges issued a memorandum expressing concern over the inability to create commissioner districts as required by § 7-4-2102, MCA, within the time

2

prescribed by statute. In late December, 1985, the commissioners of Custer County submitted a new proposal for the creation of commissioner districts which they believed to be in conformity with § 7-4-2102, MCA. On January 3, 1986, the two presiding District Judges of the Sixteenth Judicial District reviewed and approved the commissioner's second redistricting plan as proposed. The District Judges rendered no opinion as to whether these two newly created and approved districts could now be filed, since filing would be in violation of § 7-4-2102, MCA, which allows no change in commissioner district boundaries within six months before a primary election.

Thereafter, this Court received on January 17, 1986, a stipulation of the contesting parties, Bob Barthelmess and Tonia R. Stratford, through their respective attorneys that they are in agreement as to the facts set forth in the Motion for Clarification or for a Declaratory Judgment or other appropriate relief, and waived time in which to submit reply briefs to this Court.

The purposes of the provision in § 7-4-2102, MCA, that no change in the boundaries of any commissioner district shall be made within six months next preceding a primary election are to prevent gerrymandering and to provide sufficient time for candidates to file for election to the office of county commissioner. Such provision should not be construed or enforced so as to prevent the formation and filing of county commissioner districts when as here the former districts which had been proposed and approved did not meet the other statutory requirements of compactness and equality of population. Strict enforcement here of the six month provision would serve to prevent the residents not only

3

of district # 2, but of the other district whose commissioner must be elected this year, from legally electing their commissioners. The voters of the two districts would be disenfranchised and the transaction of county business impeded. When the reason for the statutory rule ceases, the reason for its enforcement also ceases. We have in this case therefore a proper subject for declaratory relief in the interpretations of statutes.

Accordingly, by way of declaratory relief,

IT IS ORDERED:

1. The county commissioner districts of Custer County, Montana, as proposed by the county commissioners and as approved by the District Judges of the Sixteenth Judicial District on January 3, 1986, shall be and constitute the county commissioner districts of said county for all purposes relating to the primary and general election of 1986 and until further redistricting.

2. The county commissioners of said county shall forthwith file in the office of the county clerk and recorder of said county a certificate designating the metes and bounds of the boundary lines and limits of each commissioner district pursuant to the proposal for districts approved by the District Judges of said district on January 3, 1986.

3. The county commissioners shall append to said certificate when filed a certified copy of this order, which shall be in lieu of the requirement in § 7-4-2103, MCA, that the certificate shall be dated and signed by the District Judges.

4. Any person qualified to be a candidate for county commissioner of said county from district # 2, or from any other district for which an election is to be held in said

4

county, as said districts are here ordered and determined, may file for election to such office prior to the closing date of March 20, 1986.

5. This Court retains jurisdiction for such other relief as may be necessary.

6. The Clerk of this Court shall serve by ordinary mail copies of this order to the District Judges of the Sixteenth Judicial District, and to counsel of record for the respective parties, and a certified copy hereof to the county commissioners of Custer County, Montana.

DATED this 30th day of January, 1986.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices