No. 13450

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

CLAYTON HOLLY,

Petitioner and Appellant,

-vs-

VERNON PREUSS, Sheriff of
Carter County, Montana,

Defendant and Respondent.

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson and Utick, Helena, Montana
David L. Jackson argued, Helena, Montana

For Respondent:

Lucas, Jardine & Monaghan, Miles City, Montana
Thomas M. Monaghan argued, Miles City, Montana
L. H. James Anderson appeared, Ekalaka, Montana

Submitted: March 14, 1977

Decided: MAY 2 1977

Filed: MAY 2 1977

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the granting of a motion by the district court, Carter County, to quash a petition for a writ of mandamus. The petition sought a writ ordering Vernon Preuss, sheriff of Carter County, to reinstate Clayton Holly to his former position as undersheriff of Carter County.

In April 1975, Sheriff Pruess asked Undersheriff Holly to resign. The undersheriff refused and asked for a written statement of the reasons for termination. The sheriff then fired the undersheriff. The undersheriff made another request for a written statement of cause for termination. This request was again refused. After the parties consulted with the county attorney and the county commissioners, the undersheriff agreed to abide by an informal written attorney general's opinion on this question:

> "Whether an undersheriff, appointed to hold office during the pleasure of the sheriff, may be discharged from office without such cause as is enumerated in the Deputy Sheriff Tenure Act, section 16-3705(5), Revised Codes of Montana, 1947."

The attorney general's opinion was:

> "An undersheriff may be discharged from office without such cause as is enumerated in section 16-3705(5), R.C.M. 1947."

After seeking legal advice, the undersheriff decided the attorney general's opinion was in error and brought this action.

The only issue before the Court is the one present from the outset: Is an undersheriff a deputy sheriff for the purposes of section 16-3705, R.C.M. 1947, and thus tenured and terminable only upon written notice and for cause.

For many purposes the two terms, deputy sheriff and under-sheriff, are interchangeable. In his argument, the undersheriff cites Shirran v. Dallas, 21 Cal.App. 405, 132 P. 454 and Delfelder v. Teton Land & Investment Co., 46 Wyo. 142, 24 P.2d 702, which hold deputy sheriff and undersheriff are equivalent terms. These cases involve collateral attacks on a return of execution and a fore-closure sale. It is very likely the result reached in Shirran and Delfelder would be the same in Montana. As set out by statute, section 16-2703, R.C.M. 1947, the holder of the office of undersheriff "* * * has the same powers and duties as a deputy sheriff."

There are differences between the two positions however. The undersheriff is paid more than a deputy sheriff, section 25-604, R.C.M. 1947; he is required to fill any vacancy in the office of sheriff until a successor is elected and he is covered by the sheriff's bond, section 16-2704, R.C.M. 1947.

The undersheriff urges that section 16-3701, R.C.M. 1947, is pertinent here:

> "* * * The whole number of deputies allowed the sheriff is one undersheriff, and in addition not to exceed the following number of deputies: * * *."

He alleges it indicates the undersheriff is a deputy sheriff. The statute deals with the number of deputy employees allowed the county clerk, the clerk of court and the sheriff in various county classes and it does indicate the undersheriff is to be included as a deputy for the purpose of the statute, limiting the number of deputy employees. However, the statute makes a distinction between the undersheriff and the deputies by naming both, indicating there is a difference.

In the final analysis the issue here is whether by enacting section 16-3705 which gives tenure to deputy sheriffs, the legislature

repealed by implication section 16-2703 which states:

> "The sheriff, as soon as may be after he enters
> upon the duties of his office, must, except in counties
> of the seventh and eighth classes, appoint some person
> undersheriff <u>to hold during the pleasure of the sheriff.</u>
> Such undersheriff has the same powers and duties as a
> deputy sheriff." (Emphasis supplied.)

In State ex rel. Charette v. District Court, 107 Mont. 489, 495,

86 P.2d 750, the Court said:

> "* * * Unless there is clearly and manifestly a con-
> flict between the two Acts in question, the court will
> not declare that there is an implied repeal.  Repeal by
> implication is not favored by this or any court, and every
> effort will be made by the courts to reconcile the Acts in
> question to avoid such repeal. * * *"

In State Aeronautics Comm. v. Bd. Exam., 121 Mont. 402, 417, 194

P.2d 633, the Court stated:

> "'* * * it is a canon of statutory construction
> that a later statute general in its terms and not
> expressly repealing a prior special or specific statute,
> will be considered as not intended to affect the special
> or specific provisions of the earlier statute, unless
> the intention to effect the repeal is clearly manifested
> or unavoidably implied by the irreconcilability of the
> continued operation of both, or unless there is something
> in the general law or in the course of legislation upon
> its subject matter that makes it manifest that the legis-
> lature contemplated and intended a repeal.'"

The Court reaffirmed these rules in Teamsters v. Montana Liquor

Control Board, 155 Mont. 300, 303,304, 471 P.2d 541, where it said:

> "'The general rule is that for a subsequent statute
> to repeal a former statute by implication, the previous
> statute must be wholly inconsistent and incompatible with
> it.'
>
> "* * *
>
> "'Where one statute deals with a subject in general and
> and comprehensive terms and another deals with a part of
> the same subject in a more minute and definite way, <u>to the</u>
> <u>extent of any necessary repugnancy between them</u> the special
> will prevail over the general statute. * * *'
>
> "* * *

- 4 -

"'The presumption is that the Legislature passes a law with deliberation and with a full knowledge of all existing ones on the same subject, and does not intend to interfere with or abrogate a former law relating to the same matter unless the repugnancy between the two is irreconcilable.'"

While it is true the legislature has expanded the coverage of the deputy tenure provisions to include every deputy in every county, there is no 'necessary repugnancy' between section 16-3705 and section 16-2703, unless the terms "deputy sheriff" and "under-sheriff" are absolutely equivalent. The terms "deputy sheriff" and "undersheriff" are not absolutely equivalent, the legislature has treated the two as different, setting a different rate of pay and granting special responsibilities to the person holding the office of undersheriff. The most that may be said is that the undersheriff is a special class of deputy. It is clear from the rules set out above that repeal by implication of specific provisions of the earlier statute will not be found, unless the intent to repeal is clearly manifested or unavoidably implied by irreconcilability of the continued operation of both statutes. No such intent or irreconcilability appears here. While there is no question the legislature could expand the coverage of the tenure act by repealing section 16-2703 and inserting the word "undersheriff" in section 16-3705, this Court cannot. The clear unambiguous statement in section 16-2703 that the sheriff must appoint someone "undersheriff to hold during the pleasure of the sheriff" is not repealed by the grant of tenure to deputy sheriffs in section 16-3705. Each statute applies to the class of county law enforcement officers it names.

The undersheriff argues the two statutes may be reconciled by holding the undersheriff may be terminated at will, but remain on as a deputy sheriff at the lower pay and may be terminated as a

deputy only for cause.  To so hold would require section 16-2703

to be amended to read "appoint some deputy sheriff undersheriff"

instead of reading as it does "appoint some person undersheriff".

(Emphasis supplied.)

As the sheriff points out, the distinction between an under-

sheriff and a deputy sheriff in the area of tenure is not without

basis in policy.  Representative  government requires an elected

official be able to implement new or different policies and a fully

tenured carryover staff might resist such changes.  Having the

undersheriff, who is the sheriff's second in command, non-tenured

serves to make the sheriff's administration of his office more

efficient and effective.  Further the undersheriff would be more

loyal to the sheriff's policies than would necessarily be true if

the undersheriff was a tenured carryover from a prior defeated ad-

ministration.

The decision of the district court is affirmed.

Justice

We Concur:

Chief Justice

Justices.

- 6 -