No. 80-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

MARY DOLAN,

 Plaintiff and Respondent,

vs.

SCHOOL DISTRICT NO. 10, DEER LODGE
COUNTY, Anaconda, Montana et al.,

 Defendants and Appellants.

---

Appeal from:   District Court of the Third Judicial District,
               In and for the County of Deer Lodge.
               Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

 For Appellants:

  Radonich and Brolin, Anaconda, Montana
  William Brolin argued, Anaconda, Montana

 For Respondent:

  John Albrecht argued, Choteau, Montana

  Hon. Mike Greely, Attorney General, Helena, Montana

 For Amicus Curiae:

  Smith Law Firm, Helena, Montana
  Chadwick Smith argued, Helena, Montana

---

 Submitted: September 16, 1981

 Decided: November 12, 1981

Filed:   NOV 12 1981

Thomas J. Kearney
───────────────────────────────
 Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Appellant, School District No. 10 (hereafter School District), appeals from the findings of fact, conclusions of law and declaratory judgment entered by the Third Judicial District Court on July 16, 1980.

In 1971, the Montana Legislature enacted section 20-4-203, MCA, which provides that:

> "Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification except as a district superintendent or specialist, the teacher shall be deemed to be reelected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher, unless:
>
> ". . . (2) the teacher will attain the age of 65 years before the ensuing September 1 and the trustees have notified the teacher in writing by April 1 that his services will not be needed in the ensuing school fiscal year, except that the trustees may continue to employ such a teacher from year to year until the school fiscal year following his 70th birthday."

In 1972, the Board of Trustees of the School District, Anaconda, Deer Lodge County, adopted Board Policy No. 405.4 which states:

> "Retirement
>
> "a.  As prescribed by the School Laws of Montana.
>
> "b.  The Board of Trustees will exercise the option to require the retirement of all teachers at the age of sixty-five (65) as per School Laws of Montana (75-6103)."

Thereafter, the School District required the retirement of all teachers and principals when they reached the age of 65.

Mary Dolan, respondent, was a tenured principal at W. K. Dwyer Elementary School, of the School District.  In

March of 1977, Mary Dolan received notification that, as a result of her being age 65, her services in the ensuing school year would cease. This termination was accomplished by a majority vote of the Board of Trustees in accordance with section 20-4-203(2), MCA, and Board Policy No. 405.4.

Mary Dolan sought a redetermination by the Board of Trustees and also personally appealed to the school district superintendent. Neither action resulted in a reversal of the Boards' decision to retire Dolan. Dolan then filed a discrimination complaint with the Human Rights Commission on May 3, 1977. The Human Rights Commission determined that section 20-4-203(2), MCA, permitting mandatory retirement at age 65, was a statutory exception to the proscriptions against discrimination contained in Title 49, Chapters 2 and 3, popularly titled the Human Rights Act. Therefore, the Human Rights Commission determined that no age discrimination existed regarding the mandatory retirement of Mary Dolan.

On May 26, 1977, Dolan filed a "Complaint for Declaratory Relief and Injunctive Relief" against the Board of Trustees requesting that the Board be restrained from effecting her retirement; that she be given a contract for the ensuing year; that the District Court declare the rights and legal relations of Mary Dolan; that section 20-4-203(2), MCA, be declared unconstitutional.

The District Court, heard the request for injunctive relief on June 1, 1977. On June 8, 1977, the District Court denied the request based on the finding that Mary Dolan would not suffer irreparable harm, damage or injury.

The request for declaratory relief was heard by the District Court, on March 31, 1980. Three witnesses were called.

William Alexander, M.D. a psychiatrist whose qualifications were stipulated to, testified that people do not age at the same rate and that after examination, he determined that Mary Dolan was capable of performing her job. Alexander also testified that in his expert opinion mandatory retirement ages are arbitrary and that forced retirement often causes people severe emotional difficulties. During examination of Alexander, counsel for the School District stipulated that Mary Dolan's qualifications and capabilities were not contested.

Mary Dolan testified that she was capable of continuing to work as principal and capable of handling the job. She also testified, on cross-examination, that she received teachers' retirement benefits and teamsters' union benefits. She also stated that following her termination in 1977, she had obtained employment, first as a teacher in Warm Springs and later as the director of Copper Village Art Center.

The School District called superintendent of the district, Daniel Marinkovich. He testified concerning implementation of mandatory retirement. Marinkovich testified that to his knowledge the policy had been administered without exception.

The cause was submitted and the District Court, after receipt of proposed findings from the parties, declared that section 20-4-203(2), MCA, violated the equal protection and due process clauses of the Montana and United States Constitution, and that the mandatory retirement provision, section 20-4-203(2), MCA, was repealed by the adoption of sections 49-2-303(1) and 49-3-201, MCA, (1979). The District Court found that Mary Dolan would have earned $76,914.31,

had she continued working as principal. She actually earned from other employment, the sum of $25,688 in the period following her termination to the time of trial. The District Court offset these earnings but refused to offset amounts Mary Dolan received as retirement benefits. The court awarded Mary Dolan backpay in the amount of $51,246.31, plus costs and interest at the rate of 10 percent.

Appellant raises the following issues for review:

1. Whether Title 49, the Human Rights Act, section 49-1-101, et seq., MCA, repealed the Mandatory Retirement Law for teachers, section 20-4-203(2), MCA?

2. What is the proper standard of review to be applied in assessing the constitutionality of section 20-4-203(2), MCA?

3. Whether the District Court erred in declaring that section 20-4-203(2), MCA, was unconstitutional?

4. Assuming section 20-4-203(2), MCA, does not abridge a fundamental right or affect a suspect classification, whether that statute bears a rational relationship to a legitimate state interest?

5. Whether section 20-4-203(2), MCA, violates the due process clauses of the 1972 Constitution of Montana and the Fourteenth Amendment to the United States Constitution because it creates an irrebuttable presumption that persons 65 years or older are not qualified as principals?

6. Whether the District Court abused its discretion by not reducing a backpay award for illegal discrimination by payments received from social security, Montana Teachers' Retirement System and the Western Conference of Teamsters' pension fund?

We find that disposition of issues one and six is determinative. This appeal can be decided, not on constitutional grounds, but rather through statutory construction. In reaching this conclusion, we are guided by the ". . . well-settled law that a court will not pass upon the constitutionality of any Act of the legislature unless it is absolutely necessary to a decision of the case." State v. King (1903), 28 Mont. 268, 277, 72 P. 657, 658. Such necessity is lacking in this case.

In 1971, the Montana legislature enacted section 20-4-203, MCA, dealing with teacher tenure and rehiring in the Montana school system. Pursuant to this statute, the Board of Trustees of the School District adopted Policy No. 405.4 mandating the retirement of all teachers and principals after their 65th birthday.

In 1974 and 1975, the legislature enacted Title 49, Chapters 1-3 (Human Rights Act). This legislation, comprehensive in scope, prohibits discrimination in many facets of the lives of Montana citizens. The format of the Human Rights Act establishes all-encompassing prohibitions against discrimination with extremely limited and specific exceptions to such prohibitions.

Regarding discrimination in employment, the subject of this appeal, section 49-2-303, MCA, provides that:

"(1) It is an unlawful discriminatory practice for:

"(a) an employer to refuse employment to a person, to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his . . . age . . . ."

Additionally, section 49-3-201, MCA, pertaining specifically to state and local governmental agencies, provides that:

"(1) State and local government officials and supervisory personnel shall recruit, appoint, assign, train, evaluate and promote personnel on the basis of merit and qualifications without regard to . . . age . . ."

Respondent, Mary Dolan contends that section 20-4-203(2), MCA, the mandatory retirement provision, irreconcilably conflicts with sections 49-2-303(1)(a) and 49-3-201(1), MCA, the later-enacted statutes. Therefore, section 20-4-203(2), MCA, must be considered impliedly repealed.

At the outset, this Court recognizes that repeals by implication are not favored. London Guaranty & Accident Co. v. Industrial Acc. Board (1928), 82 Mont. 304, 266 P. 1103. We also note that Title 49 is general legislation, of which one facet concerns the area of employment; whereas section 20-4-203(2), MCA, is a special statute which specifically deals with the area of employment for school teachers and principals. This Court also acknowledges the existence of conflicting rules of statutory construction with regard to this particular situation. Generally, where statutes irreconcilably conflict, the latest statute supersedes the prior enactment. State v. State Board of Land Commissioners (1960), 137 Mont. 510, 353 P.2d 331. However, where general statutes and special statutes are involved, special statutes normally prevail over general. Teamsters, Etc., Local 45 v. Montana Liquor Con. Bd. (1970), 155 Mont. 300, 471 P.2d 541.

After careful consideration, this Court finds that an irreconcilable conflict does exist between section 20-4-203(2), MCA and sections 49-2-303(1)(a), and 49-3-201(1), MCA. In determining which rule of statutory construction must be applied to resolve this irreconcilable conflict, we are guided by the following quotation from 50 Am.Jur., at

-7-

566-567, cited in State v. Board of Examiners of State (1948),
121 Mont. 402, 194 P.2d 633:

> ". . . a later statute general in its terms
> and not expressly repealing a prior special or
> specific statute, will be considered as not
> intended to affect the special or specific
> provisions of the earlier statute, _unless the_
> _intention to effect the repeal is clearly_
> _manifested or unavoidably implied by the irre-_
> _concilability of the continued operation of_
> _both, or unless there is something in the_
> _general law or in the course of legislation_
> _upon its subject matter that makes it manifest_
> _that the legislature contemplated and intended_
> _a repeal._" 121 Mont. at 417, 194 P.2d at 641.
> (Emphasis added.)

A review of the statutes involved in this case leads
us to the conclusion that the legislature's latest enact-
ment, Title 49, Human Rights Act, necessarily supersedes
section 20-4-203(2), MCA. To hold otherwise would materially
dilute the effect of Montana's antidiscrimination legisla-
tion.

The general rule that the latest enactment of the
legislature prevails is here chosen as the applicable rule
of statutory construction because this rule best effectuates
the intent of the legislature. Therefore, section 20-4-
203(2), MCA, is impliedly repealed.

As previously stated, Title 49, contains very broad
antidiscrimination prohibitions and very explicit and
limited exceptions to those prohibitions. The exceptions
pertinent to this appeal, are found in sections 49-2-303(1)(a),
49-2-403(1), and 49-3-103(1), (2), MCA.

Section 49-2-303(1)(a), MCA, permits discrimination in
employment based on age if ". . . the reasonable demands of
the position . . . require an age . . . distinction . . ."

Section 49-2-403(1), MCA, permits discrimination in

-8-

employment based on age if ". . . the nature of the service requires the discrimination for the legally demonstrable purpose of correcting a previous discriminatory practice."

Section 49-3-103(1), MCA, permits an employer to differentiate ". . . based on age . . . when based on a bona fide occupational qualification reasonably necessary to the normal operation of the particular business or where the differentiation is based on reasonable factors other than age."

Section 49-3-103(2), MCA, allows an employer to differentiate based on age when ". . . observing the terms of a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan which is not a subterfuge to evade the purposes of this chapter . . . ."

The manner in which the legislature enacted Title 49 clearly depicts the intent of the legislature. There shall be no discrimination in certain areas of the lives of Montana citizens, employment being one such area, except under the most limited of circumstances.

Section 20-4-203(2), MCA, plainly violates this intention. The statute permits discrimination in employment based solely upon age. No qualifying or justifying reasons are included in the statute which bring it within the purview of the limited exceptions contained in Title 49.

At the hearing before the District Court, the School District did attempt to establish the necessity of the retirement statute. The School District presented testimony from the Superintendent of the school system, Daniel Marinkovich. Additionally, the School District introduced interrogatory answers filed by the Attorney General, a summary of the

Western Conference of Teamsters Pension Plan, a copy of the negotiated principal's contract and a copy of a decision rendered by the Human Rights Commission finding no discrimination by the School Board with regard to Mary Dolan's retirement.

The School District asserts, that this evidence establishes the necessity of a mandatory retirement policy. The District Court determined that the School District had presented no evidence establishing such a necessity. After a review of the record, this Court is in complete agreement with the District Court.

The interrogatory answers filed by the Attorney General are mere conclusions lifted from a decision rendered by the Second Circuit Federal Court in Palmer v. Ticcione (2d Cir. 1978), 576 F.2d 459. No evidence was adduced which connects these conclusions to the need for mandatory retirement in the Montana school system.

The School District asserts that the negotiated contract between the School District and the principals necessitates retirement at age 65. The same assertion is made with regard to the Teamsters Union pension plan. However, nothing in the contract mentions required retirement at age 65 and the pension plan speaks only of age 65 as the "normal retirement age."

The School District relies heavily on the decision of the Human Rights Commission finding no discrimination in the mandatory retirement of Mary Dolan. The Commission based its decision on the grounds that the legislature intended to maintain a statutory exception (section 20-4-203(2), MCA) to the provisions of Title 49, Human Rights Act. The Commission gleaned this intent from the fact that in 1977, the

-10-

legislature killed House Bill 519, which had been introduced to eliminate all mandatory retirement ages required or permitted by Montana law. This bill was comprehensive in nature covering many areas other than age for retirement. Such evidence of intent is unpersuasive and inconclusive. A fair reading of the "Human Rights Act" indicates an intention to prohibit age discrimination unless age is related to job performance. A mandatory retirement age could seldom, if ever, relate to job performance because of the variation in individuals. The statutes are therefore irreconcilably in conflict and the one later enacted must necessarily work a repeal of the former. State v. State Board of Land Commissioners, supra.

This decision does not affect pension plans nor seniority systems whereby an employee has agreed, as part of the employment, to retire at a certain age. Such arrangements are exempted under section 49-3-103(2), MCA.

Finding unlawful discrimination in this case entitles Mary Dolan to a backpay award. The purpose of this backpay award is to make Mary Dolan whole. The District Court determined that she would have earned $76,914.31 up to the time of trial had she continued working as a principal. The District Court found that during the same time period Mary Dolan had earned from other employment the sum of $25,668. The District Court concluded that she was entitled to an award of $51,246.32, refusing to reduce this backpay award by any amounts received from the Social Security Administration, Montana Teachers Retirement System, or the Western Conference of Teamsters Pension Fund.

This Court concludes that it does not matter whether the benefits received from the Social Security, Retirement

-11-

System, or Pension funds were funded wholly or in part by contributions made by Mary Dolan. Mary Dolan would not have received these benefits had she continued as principal at W. K. Dwyer Elementary. Thus, to make Mary Dolan whole, these benefits must be considered in establishing a backpay award. To hold otherwise would grant Mary Dolan a windfall.

In conclusion, we hold that section 20-4-203(2), MCA, was impliedly repealed by the enactment of Title 49. We reverse the District Court's award of backpay which failed to offset retirement benefits and remand for proceedings in conformance with this opinion.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____

_____
                    Justices

-12-