MR. JUSTICE HARRISON,
dissenting:
I would reverse and remand to the District Court ordering the revocation of the license.
Resolution of this case hinges simply upon whether the statutes quoted by respondent apply to and thereby modify the Commissioner’s powers under Section 33-17-1001, MCA. On their face, these statutes clearly deal only with the licensure of convicted felons. For *392 them to have any bearing on this case, they must be found to be applicable to licensure revocations as well.
To this end, respondent quotes Section 37-1-202, MCA, which states:
“It is the intent of the legislature and the declared policy of the state that occupational licensure be granted or revoked as a police power of the state in its protection of the public health, safety, and welfare.”
However, I feel that application of basic and fundamental rules of statutory construction compels a holding that this statute does not render Section 37-1-201 et seq., MCA, applicable to Section 33-17-1001(1)(e), MCA. I would so hold.
The guiding principle of any rule of statutory construction must be to give effect to the intent of the legislature. Section 1-2-102, MCA; Missoula County v. American Asphalt, Inc. (Mont. 1985), [216 Mont. 423,] 701 P.2d 990, 992, 42 St.Rep. 920, 922. Courts strive to accomplish this by giving to the words of a statute their plain and ordinary meaning and by adhering to the words of the statute. Section 1-2-101, MCA; State v. Hubbard (1982), 200 Mont. 106, 111, 649 P.2d 1331, 1333, Chennault v. Sager (1980), 187 Mont. 455, 461-62, 610 P.2d 173, 176.
I feel Section 33-17-1001(1)(e), MCA, in plain and precise language, authorizes the Commissioner to revoke respondent’s license. The majority’s reasoning to the contrary is unclear. At page 104 of its opinion, the majority correctly notes that the role of this Court when engaged in statutory construction is first to look at the plain meaning of the statute’s words. And one sentence later, the majority concedes that, “[t]he literal reading of Section 33-17-1001(l)(e) is that the Commissioner may revoke an agent’s license if the agent has been convicted of a felony involving moral turpitude.” We should go no farther. Yet the majority then recites in great detail relevant legislative history as if an ambiguity exists. We should not strive to create statutory ambiguities where none exist.
Nothing within the language of Section 37-1-102, MCA, modifies the Commissioner’s authority granted under Section 33-17-1001(l)(e), MCA. Section 37-1-202, MCA, merely illustrates that the legislature intended that the whole of occupational licensing fall within the police power of our state in its protection of the public health, safety and welfare. It is my opinion that nothing therein suggests that the provisions of its neighboring statutes, Section 37-1-201 et seq., MCA, be made applicable to Section 33-17-1001, MCA.
*393 In my opinion, for this Court to hold otherwise in effect creates an implied modification of the Commissioner’s authority under Section 33-17-1001, MCA. Implied modifications, like implied revocations, are disfavored at law. We have long and consistently held that we will not find an implied repeal of a statute absent a clear legislative intent to that effect. See e.g., Holly v. Preuss (1977), 172 Mont. 422, 426, 564 P.2d 1303, 1306. The same must be said of an implied modification.
By enacting Section 33-17-1001(l)(e), MCA, the Montana legislature made conviction, by final judgment, of a felony involving moral turpitude an independent ground for the suspension or revocation of an insurance agent’s license. I find nothing within Section 37-1-201 et seq., MCA, which modifies or affects this authority. I would hold that the District Court erred by requiring the Commissioner to establish that the felony conviction relate to the public health, safety and welfare as it applies to insurance as an occupation.
I would reverse and remand with instructions that the District Court enter an appropriate order.